## No. 12,922.

### STATE OF LOUISIANA vs. MEANEE BAZILE.

On the trial of an accused upon a charge of hog stealing, testimony tending to show that the hog had been killed by the accused and its carcass secreted, and that he subsequently sent another person to cut it in pieces and carry them to his house, is admissible because it indicates a felonious asportation of the property after the theft had been first begun, by the taking of the *living* hog and the concealment of its carcass after it had been killed.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

---

*M. J. Cunningham,* Attorney General, and *James Simon,* District Attorney, for Plaintiff and Appellee.

*Weeks & Weeks* and *Walter J. Burke* for Defendant and Appellant.

Submitted on briefs November 12, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

WATKINS, J. The defendant prosecutes this appeal from a verdict convicting him of hog stealing, and a sentence to one year's imprisonment in the penitentiary.

The first bill of exceptions relates to the competency and relevancy of the testimony of a State's witness, the tendency of which was that the defendant had killed the hog during the day, and sent for the dead body in the afternoon of that day; and that counsel for the defendant objected thereto, on the ground that he had been indicted for the larceny of a *living* and not a *dead* hog; not for the killing of a hog with intent to steal the meat. Consequently, the testimony did not respond to the charge of the indictment, and was consequently inadmissible.

The indictment charges, that the defendant " one hog of the value of eight dollars  *   *   *   did steal, take, and carry away," etc.

The killing of the hog by defendant, during the day, was certainly an evidence of his intention to subsequently take and carry same away; particularly when said act was coupled with the further fact that he concealed its body and covered it with grass.

But if these circumstances be regarded as doubtful or inconclusive in any respect, the fact of his having afterward sent for the carcass of the hog and had it carried to his house and cut up into quarters would seem to place his felonious asportation beyond a doubt.

The object of this testimony doubtless was to show that the defendant had taken the property away and converted it to his own use.

In our opinion such testimony does not tend to show that the defendant was guilty of the crime of killing a hog with intent to steal the same. Had the testimony merely shown that the defendant had killed the hog and not taken it away, but left it concealed from view, the objection urged would have been more forcible; but it goes further, and shows the subsequent removal of the carcass to the defendant's house, and that it had been cut into

75

quarters and hung up in his house preparatory to future use, and where it was subsequently identified.

· The trial judge assigned no reasons for admitting the testimony, but we think his ruling was clearly correct.

The same question was raised on the defendant's motion for a new trial, and was for like reason correctly overruled.

The second bill of exceptions raises the question of error in the judge's declination and refusal of defendant's motion to have the minutes of the court corrected so as to show that he had assigned his reasons for his conviction in writing, and not orally, as therein recited—the defendant having waived a trial by jury and elected to be tried by the court.

It appears from the bill that the judge, for his own convenience, noted down on slips of paper *memoranda* applicable to the case, and that he simply adverted to them in summing up the case; he, therefore, declined to have the minutes opened and changed, because they were, in his opinion, correct as they stood.

We are of opinion that the preparation of such *data* for his own personal use in delivering his opinion was not the equivalent of assigning his reasons in writing; and that his refusal to so alter the minutes was not error.

But if it were, it is inconceivable that the defendant could have sustained any injury thereby.

The third bill of exceptions relates to the judge's refusal to permit defendant's counsel to have the clerk open a note of evidence on the trial of his motion for a new trial. As we understand the motion, it was exclusively based upon the ground that the judge had admitted illegal testimony, which supposed error had been dealt with during the progress of the trial, and had been made the subject of a prior bill of exceptions; consequently it necessarily rested on the same foundation, and puts at issue the question of the verdict being contrary to law and evidence, and we have repeatedly and uniformly held that such an issue is one of *fact* exclusively, of which this court possesses no jurisdiction.

On this hypothesis no useful purpose could have possibly been accomplished by granting the counsel's request; and had it been granted, and the testimony taken and annexed to his bill, it could have received no consideration at our hands.

We have no hesitancy in approving the ruling of the judge.

Judgment affirmed.